## Buyers Index Publishing Company, Plaintiff in Error, v. Triner Scale & Manufacturing Company, Defendant in Error.

### Gen. No. 20,384.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. HOSEA W. WELLS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Reversed and remanded. Opinion filed June 17, 1915.

### Statement of the Case.

Action by Buyers Index Publishing Company against Triner Scale & Manufacturing Company for money due for advertising as per a written contract. From a judgment for defendant, plaintiff appeals.

Plaintiff's statement of claim set forth the contract upon which was based its cause of action, which was as follows:

"The stereotype plate of the Spanish Writeup to be furnished.

BEFORE SIGNING THIS CONTRACT MANUFACTURERS ARE REQUESTED TO READ IT IN ITS ENTIRETY.

Chicago, Ill.                    Date June 28, 1907.
Buyers Index Publishing Co., 59 Pearl Street.,
    New York.

Gentlemen:

Please insert our illustrations, descriptions, etc., to occupy in advertising section only, of the 'Buyers Index' (copyrighted), (published monthly in alternate

English and Spanish editions) 1/6 page, English and Spanish Editions, for full year term.

1. We will, within ten days furnish to your order, matter, cuts, etc., subject to your approval, for printing same. If not furnished you are at liberty to prepare and print such matter as you may consider proper.

2. It is understood that we will, within five days from date of receipt thereof, return to you corrected the proof which you are to submit to us before issue. If proof is not returned, you are to conclude that it is satisfactory to us. Copies of Index containing our advertisement to be mailed to us free of expense.

3. It is clearly understood that the conditions above and herein set forth embody all agreements and understandings concerning this present contract, as made or had with said Buyers Index Publishing Co., its agents or employees acting in its behalf, either written or verbal.

4. In consideration of the above we agree to pay to your order ($225.00) two hundred and twenty-five 00/100 dollars payable one-quarter said amount cash at date of third issue in which our advertisement appears, balance quarterly thereafter. Full amount $225.00.

> Name    Triner Scale & Mfg. Co.
> By J. M. Triner.
> Address   1255 W. 21st St.

Erwin de Montpellier
Representative Buyers Index.''

It was claimed that there was due on said contract the sum of $168.75.

To this statement of claim defendant filed an affidavit of merits setting forth that the plaintiff had not complied with all the terms and conditions as agreed upon in said contract, and that therefore said contract had become cancelled, and that whatever advertising had been furnished prior to the said cancellation was paid for; wherefore defendant was in no wise indebted to said plaintiff.

Defendant contended that at the time said contract

Buyers Index Pub. Co. v. Triner Scale & Mfg. Co., 194 Ill. App. 427.

was executed by defendant, one Erwin de Montpellier, a representative of the plaintiff, made certain agreements with reference to securing lists, writing an editorial in Spanish to be printed in the said publication, and stereotype plates of said editorial writeup to be furnished defendant by the plaintiff; that these agreements were written on a separate piece of paper which was pasted on the back of the printed form of contract, and constituted a part thereof; that the face of it was in form as set forth in the statement of claim, without the following writing in the upper margin:

"The stereotype plate of the Spanish Writeup to be furnished."

and without the following language in the lower margin:

"A list of names of hardware dealers to be furnished and translations of incoming and outgoing correspondence attended to during the term of this contract without extra charge."

J. M. Triner testified on behalf of defendant that two or three days after the contract had been signed, the said de Montpellier called him on the telephone and stated that the paper that had been pasted on the back containing the special agreements between the parties had become lost, and that he had written on the face of the printed form of contract the substance of the special agreements entered into; that he was the editorial writer and would see that these extra conditions agreed upon were fulfilled, and requested that he make no mention thereof to his principal. Triner testified that he acquiesced in the suggestion made by the representative of the plaintiff; that the contract offered in evidence contained his signature; that it was the contract he signed, save the writing in the margin, and save that the paper containing the extra conditions was not pasted on the back. Plaintiff's testimony showed that the contract set forth in the statement of claim and offered in evidence was the contract it had received from its representative, de Mont-

pelier, and which it had accepted on July 3, 1907, and under which the advertising had been printed in its publication.

The following instruction for the plaintiff was refused:

"You are instructed that if you find from the evidence that the defendant's manager, Mr. Triner, signed an order at the solicitation of the plaintiff's solicitor, and that said solicitor had no authority from the plaintiff to make a contract but only to solicit orders, and that the order contained the clause—'It is clearly understood that the conditions above and herein set forth embody all agreements and understandings concerning the present contract made or had with the principal, its agents or employees acting on its behalf either written or verbal'—and that a copy of the contract containing such clause was thereafter delivered to defendant and received by it, then the defendant is estopped from setting up as against the plaintiff, after said order has been accepted and filled (if you find it has been accepted and filled) any other agreements or representations not embodied in said written order, unless there was fraud on the part of the solicitor in securing the signing and execution of said order."

CRATTY BROS. & FLATEAU and CHARLES HUDSON, for plaintiff in error.

No appearance for defendant in error.

MR. JUSTICE PAM delivered the opinion of the court.

### Abstract of the Decision.

1. ESTOPPEL, § 65*—*when contracting party estopped by silence to insist upon conditions.* A person who enters into a contract for advertising is estopped to claim that the contract sued on is not the contract entered into where, shortly after the signing of such contract and upon hearing from the representative of the advertising concern that a supplement to the contract containing certain conditions

insisted upon by the buyer had been lost, he simply relied upon a statement of such representative that the conditions had been written on the main contract, and that he would see that they would be fulfilled, and made no complaint to the seller, at such representative's request.

2. EVIDENCE, § 352*—*when parol evidence admissible to explain contract.* A contract for advertising *held* ambiguous so as to authorize the admission of parol testimony to interpret its language.

3. WITNESSES, § 327*—*what proper as affecting credibility.* Evidence that a witness for the defendant in an action on a written contract for advertising, the defense being that there were certain conditions which were pasted on the contract, and that they had not been fulfilled, testified at a former trial that the conditions were written on a card and pinned on the contract, is admissible as affecting the credibility of the witness.

4. WITNESSES, § 325*—*when prior statements admissible as affecting credibility.* In an action upon a written contract for advertising, in which the defense is that there were certain conditions pasted on the contract, and that such conditions had not been fulfilled, such supplement having been lost, evidence that a witness for the defendant just before a prior trial of the case, in the presence of his counsel, stated to plaintiff's counsel, that the added provisions were in fact written on a card attached to the contract, is admissible as affecting the credibility of the witness.

5. WITNESSES, § 257*—*what proper as affecting credibility.* In an action by an advertising concern on an account for advertising, where a witness for defendant testified that plaintiff had agreed to furnish a Spanish editorial and to furnish stereotype plates for a period of one year and had failed to do so, *held* that as affecting the credibility of such witness, evidence was admissible to show that the defendant had himself furnished material for copy for the advertisement for three months, and that thereafter no further material was furnished by defendant but plaintiff continued the insertion for the balance of the period as he claimed the right to do according to the contract.

6. TRIAL, § 128*—*when refusal to permit counsel to comment on evidence erroneous.* The refusal of a court to permit counsel for one party to comment in his argument on a letter which has been admitted in evidence by the adverse party, and which will support the first party's claim, is reversible error, although the court has allowed such first party to simply read the same to the jury.

7. PRINCIPAL AND AGENT, § 249*—*when instruction on effect of admission correct.* An instruction that "the admissions of a solicitor

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

432 APPELLATE COURTS OF ILLINOIS.

or other agent of a principal are not binding on the principal unless the admissions are within the scope of the agent's authority and are made with reference to the subject-matter of his agency and at the time of the transactions between the parties," approved.

8. ESTOPPEL, § 65*—*when instruction correct.* An instruction in an action on an advertising contract, the defense being that certain conditions had been added to a supplement to the contract which had been lost, and that such conditions had not been fulfilled; that if the jury believed the plaintiff's agent had authority only to solicit orders and not to make a contract, and that a copy of the contract containing a clause that the contract contained all the terms thereof had been delivered to defendant, the latter was estopped, after the filing of the order by plaintiff, from setting up any other terms not embodied in the order, in the absence of fraud,. approved.